## WIDOW MEISSONIER, Executrix, *v.* CHARLES LAURENT.

The functions of an executor are not limited to the execution of the legacies contained in the will, but extend also to the payment of the debts of the deceased.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Budd & Lambert,* for plaintiff. *C. Dufour* and *H. R. Grandmont,* for defendant and appellant. *R. H. Browne,* attorney for absent heirs.

LAND, J. *Annette Bizouard* in her last illness made her will, in which she

instituted the plaintiff her universal legatee and executrix thereof, and declared that *Charles Laurent*, the defendant in this suit, was indebted to her in the sum of $1700.

This suit is for the recovery of the sum declared to be due in the will. The plaintiff sues as executrix, and not as universal legatee.

The defendant pleaded a general denial and a claim in reconvention against the plaintiff personally, which it is unnecessary to notice, as it was abandoned in this suit.

The defendant afterwards filed a peremptory exception to the plaintiff's right and capacity to prosecute this suit, on the grounds that she had filed in court a formal renunciation of her rights as universal legatee under the will of *Annette Bizouard*, and that said will was thereby virtually of no effect.

The functions of an executor are not limited to the execution of the legacies contained in the will, but extend also to the payment of the debts of the deceased. *Succession of Dupuy*, 4 An. 571. As the record discloses the fact that there are debts due by the testatrix, the exception was properly overruled. *Succession of Boyd*, 12 An. 612.

On the trial of the case on its merits, the plaintiff was offered as a witness, and was objected to by the defendant, on the ground of interest in the result of the suit. The objection was overruled and the defendant excepted.

It is not material to decide the question of competency raised by the bill of exceptions, for the reason that the demand is sufficiently established, independently of the testimony of the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.