175 So. 820

### Succession of PATTERSON.

No. 34432.

June 21, 1937.

Rehearing Denied July 8, 1937.

W. C. Roberts, of Alexandria, for appellants Mrs. Maude W. Barton and others.

White, Holloman & White, of Alexandria, for appellees.

ODOM, Justice.

Mrs. Gertrude P. Patterson died in Rapides parish on November 26, 1936. Four days later Mrs. Maude W. Barton, claiming to be an heir, applied for and obtained an order to have a notary appointed to search for a will. The search was made, but none was found.

On March 18, 1937, DeWolfe Barton presented to the court an instrument alleged to be the last will of Mrs. Patterson and prayed that it be admitted to probate and that it be registered and executed. As the instrument presented appointed no executor, he prayed that he be appointed dative testamentary executor. On March 22 he filed a supplementary petition asking that an inventory be made, and this was ordered done. The inventory was made and showed assets amounting to $158,145.-

73, included in which were stocks, bonds, promissory notes, paving certificates, about $60,000 on deposit in various banks, other items of personal property, and several parcels of real estate.

On March 24, 1937, Mrs. Margaret P. Rice, who alleged that she was one of the heirs of the deceased, opposed the probate of the instrument on the ground that "said document is not a last will and testament and not being a last will and testament same should not be admitted to probate nor should any testamentary executor be appointed." On March 31, 1937, a similar opposition was filed by Mrs. Catherine P. Loveland, Robert Loveland, and John P. Kniskern, who also claimed to be heirs. They opposed the probate of the instrument for the same reasons as those set up by Mrs. Rice.

The application of DeWolfe Barton to probate the will, and the oppositions thereto, were all filed and put on the docket of the court under one number, "Probate Docket No. 4511."

Before a hearing was had on the application to probate and the oppositions thereto, John P. Kniskern applied to the court on March 19, 1937, to be appointed administrator of Mrs. Patterson's succession. He alleged that he was one of the heirs, that she died intestate leaving no forced heirs; that she left property having a value in excess of $100,000, inherited by himself and seven other collateral heirs; that the succession owed debts, privileged and ordinary, which should be paid; that the succession property consisted in part of notes, bonds, etc., the interest on which should be collected.

Referring to the document which had been presented for probate, purporting to be the last will of Mrs. Patterson, and the oppositions thereto, he alleged that if it should be held that said instrument was her last will, it did not pretend to dispose of all the property owned by Mrs. Patterson, but only of 100 shares of the capital stock of a Chicago Bank, a minor portion of her possessions; that oppositions had been made to the probate of said document and to the application of De-Wolfe Barton to be appointed dative testamentary executor and that litigation over the question raised might be long drawn out, and that in the meantime there would be no one to take charge of and administer that portion of the succession's effects not involved in that litigation.

This application to administer was put on the court docket as "Probate Docket Number 4552."

On March 23 DeWolfe Barton, who had presented the purported will for probate, opposed John P. Kniskern's application to be appointed administrator on various grounds, which need not be stated. He prayed that Kniskern's application be rejected and that he, Barton, be appointed administrator.

By consent of all parties, the two cases, the one numbered 4511 and the other numbered 4552, were consolidated for trial. In the case numbered 4511, involving the probate of the will, there was judgment as follows:

"It is, therefore, ordered, adjudged and decreed that the document presented by DeWolfe Barton for probate is not the

last will and testament of Mrs. Gertrude P. Patterson, deceased, and accordingly the probate thereof is denied and the application of DeWolfe Barton for appointment as dative testamentary executor is denied, and that the inventory taken and filed herein is declared null and void and of no force and effect."

From this judgment a suspensive appeal was granted to DeWolfe Barton and to Mrs. Maude W. Barton, Mrs. Pauline V. Markel, and Mrs. Nena H. Wadleigh, the latter three being named legatees in the will.

In the case numbered 4552 involving the application to administer and the opposition thereto, there was judgment as follows:

"It is, therefore, ordered, adjudged and decreed that Mrs. Gertrude P. Patterson died intestate and that an administration of her succession is necessary.

"It is further ordered, adjudged and decreed that John P. Kniskern be and he is hereby appointed Administrator of the Succession of Mrs. Gertrude P. Patterson and that letters of administration issue to him upon his taking oath and giving bond in accordance with law."

From this judgment DeWolfe Barton, Mrs. Maude W. Barton, Mrs. Nena H. Wadleigh, and Mrs. Pauline V. Markel were granted appeals devolutive and suspensive.

Counsel for John P. Kniskern, who applied for the administration, has filed a motion in this court to dismiss the appeal in the case No. 4511 in so far as it was granted to Mrs. Barton, Mrs. Wadleigh, and Mrs. Markel, on the ground that they were not parties to the litigation and had no appealable interest; and to dismiss the suspensive, but not the devolutive, appeal in the succession case, No. 4552, for the reason "that no suspensive appeal lies from a judgment appointing an administrator of a succession, and such judgment shall have effect provisionally until the appeal is decided." Counsel also moved to dismiss the devolutive appeal in this case in so far as the same was allowed to Mrs. Barton, Mrs. Wadleigh, and Mrs. Markel.

█ Taking up first the motion to dismiss the appeal in the probate proceeding, No. 4511, we find that counsel for those who opposed the probate of the will concede that DeWolfe Barton, who presented the document for probate, was entitled to a suspensive appeal from the judgment decreeing that the document presented by him was not the last will and testament of the deceased and dismissing his application to be appointed dative testamentary executor. They do not ask that the appeal be dismissed as to him. They do, however, ask that it be dismissed in so far as it was granted to the others, for the reason that "they are not parties to the cause in which the judgment was rendered and have not alleged that they are third persons who are aggrieved by the judgment or have any pecuniary interest therein."

This appeal was granted in open court, the minutes reading in part as follows:

"A suspensive and devolutive appeal was prayed for in open court by counsel for applicant, on behalf of Mrs. Maude W.

Barton, Mrs. Nena H. Wadleigh, Mrs. Pauline V. Markel, and DeWolfe Barton, individually and as agent for said parties."

Counsel, we think, are mistaken in their view that Mrs. Barton, Mrs. Wadleigh, and Mrs. Markel are not parties to this proceeding. They are, in fact, the real parties. DeWolfe Barton is not an heir of the deceased, Mrs. Patterson, and was not named as a legatee in the purported will, but Mrs. Barton, Mrs. Wadleigh, and Mrs. Markel are. DeWolfe Barton instituted the probate proceeding "as agent" for the three legatees under the purported will, having been specifically authorized and directed to institute the proceeding in powers of attorney executed by the legatees. These powers of attorney authorized and directed him "to act for them in all things in connection with this estate and particularly the right to, offer and file for probate and registry the last will and testament of said decedent," and further authorized him to make application "in his own name to become the testamentary executor under said last will."

The petition filed by DeWolfe Barton had a double purpose. The first was to offer for probate the document purporting to be the last will of Mrs. Patterson on behalf of the legatees named therein. He made that application as agent and attorney in fact for the legatees. The second was to be appointed dative testamentary executor. He made that application in his own name. The petition filed by him made it perfectly clear that he was not instituting probate proceeding for himself personally, but for and on behalf of those

named as legatees. He attached to his petition the written powers of attorney, by the authority of which he acted.

The opponents made no objection to the form or regularity of the proceeding. If DeWolfe Barton·had the right to institute the proceedings as he did, and his right to do so was not questioned, Mrs. Barton, Mrs. Wadleigh, and Mrs. Markel are in reality the petitioners in so far as the probate of the will is concerned, having acted through their agent and attorney in fact, Barton; and they are the only ones who have an interest in having the purported will declared valid.

The motion to dismiss the appeal granted to them should be overruled.

In the case No. 4552, the succession proceeding, the appeal suspensive and devolutive was granted to and on behalf of DeWolfe Barton, Mrs. Barton, Mrs. Wadleigh, and Mrs. Markel. Counsel for John P. Kniskern, who applied to be appointed administrator, has moved to dismiss both the devolutive and suspensive appeals as to all appellants except DeWolfe Barton. This motion is well founded. The only opposition made to the appointment of Kniskern as administrator was that filed by Barton individually. In his opposition he did not pretend to represent the legatees under the purported will. He alleged that he had applied to be appointed dative testamentary executor of said will and that in due course he would be appointed and would administer the entire estate, making unnecessary the appointment of an administrator. In the alternative, he alleged that in case he should

not be appointed executor, he should be appointed administrator in preference to Kniskern, and opposed Kniskern's appointment on certain specific grounds. He prayed that Kniskern's application be dismissed, and, in the alternative, "your opponent prays that the application of the said Kniskern be dismissed with costs and that your opponent in his own name be appointed administrator of this estate in this proceeding and that letters as such issue to him upon a compliance with all of the requisites of law." He did not "as agent" oppose Kniskern's appointment, but opposed it "in his own name." Clearly the others had no right to appeal from the judgment rendered in this proceeding, and the appeal both devolutive and suspensive must be dismissed as to them.

As to the suspensive appeal granted to Barton from the judgment appointing John P. Kniskern administrator, we note that counsel for appellant in his brief conceded that under article 1059 of the Code of Practice and under the settled jurisprudence, an appeal from a judgment appointing an administrator for a succession does not "suspend the execution of the judgment." In other words, that no suspensive appeal lies from such judgment. But he argues that the general rule is not applicable to this case because Kniskern's right to claim the appointment in this proceeding "was purely incidental to the main proposition that there was no will," and therefore a suspensive appeal lies.

In support of this argument he cites what he terms "the leading case on this well-recognized distinction," the case of

State ex rel. Marin v. Parish Judge of Plaquemines, 22 La.Ann. 23.

That case has no application here. There A. Durnford died, leaving a will in which no executor was appointed. His widow was appointed and qualified as dative testamentary executrix. She died and William Erskine was appointed to represent both estates. Erskine died and subsequently the "heirs of Mr. and Mrs. Durnford were put in possession of all the property of said estates by judgment of the District Court for the parish of Plaquemines." After the heirs had been put in possession by order of the court, P. Maspero "applied to be appointed dative testamentary executor of A. Durnford, and administrator of the succession of Mrs. Durnford." The heirs opposed the appointment "on the grounds that there is no succession property, as such, to be administered; that they are in possession as owners, and are the only parties to be pursued for any debts, in the courts of ordinary jurisdiction; and one of them alleged a superior right to the appointment."

Their opposition was dismissed and Maspero was appointed. They were granted a suspensive appeal, but the judge later ordered that the judgment be executed, thereby setting aside the suspensive appeal. The heirs then applied for writs of prohibition to restrain the judge from "proceeding in the execution of a judgment dismissing their opposition and appointing said Maspero dative testamentary executor of A. Durnford, deceased, and administrator of the succession of Mrs. Durnford."

The court held that relators were entitled to relief, that they were entitled to a suspensive appeal from the judgment, because, the heirs having been put in possession of all the property by judgment of the court, there was no succession to administer, and therefore the appointment of an executor and administrator was not legally possible. The court said that the main question was "succession or no succession." It was held that article 1059 of the Code of Practice applied "when successions are opened to be administered, and the controversy is between two or more persons for the right of preference to the appointment of administrator, but not, as in this case, where the principal question is, succession or no succession; or whether an administration is necessary, or legally possible." The court said further that the demand made by one of the relators as heir to be appointed in preference to the creditor applying "was only incidental, and depended on the necessity for an administration."

Counsel argues that in the case at bar the main question is "will or no will," and that the application of Kniskern to be appointed administrator is purely incidental to that main question; that if there is a will and a dative testamentary executor is appointed, there will be no need for an administration—in fact, the appointment of an administrator would not be legal.

We find no merit in this argument because by the purported will Mrs. Patterson did not pretend to dispose of all her property, but only of a small portion of it. There was no executor appointed with seizin of all the property. That instrument reads as follows:

"To my three nieces

"Nena H. Wadleigh
"Pauline V. Markel
"Maude W. Barton

"I make a present of One hundred shares of my First National Bank stock of Chicago, Illinois to be equally divided between them—which will not be included in my will—

"Gertrude P. Patterton

"Alexandria, Louisiana

"February first

"Nineteen Hundred twenty six—"

The inventory shows that at the time of her death Mrs. Patterson owned 150 shares of stock in the Chicago Bank, appraised at $42,900. The will disposes of only 100 of these shares, worth, according to the appraisement, $28,600. The appraised value of all the property was $158,143.73. Deducting the appraised value of the shares of stock disposed of from the total appraised value of the succession property, there is left in the succession undisposed of property valued at $129,543.73, which, according to the pleadings and admissions, is to be distributed, after the debts and charges are paid, among the collateral heirs, who have not been recognized and put in possession. Therefore, if the will be valid, approximately five-sixths of the succession is "intestate" and owes debts, and therefore there is a succession to be administered.

In his brief in opposition to the dismissal of the appeal in the succession case

in so far as it is suspensive, counsel for Barton does not argue that if he is appointed dative testamentary executor he could, under such appointment, administer the entire succession, although it appears from the pleadings that he claimed that right. The only function of an executor without seizin is "to see to the execution of the legacies contained in the will, and to cause the inventory and other conservatory acts of the property of the succession to be made." Civ.Code, art. 1660. Article 1659 of the Civil Code provides that the testator may give his testamentary executor the seizin of his whole succession, and that "If the testator has not granted the seizin to the testamentary executor, the latter can not require it."

■ Certainly, if a testamentary executor cannot "require" seizin or possession when the same is not conferred by the will, a dative testamentary executor cannot do so.

■ A testamentary executor who is given seizin of all the property may administer all the property. In such cases he "represents the active and passive mass of the succession, all the assets, all the liabilities, the entire residue." He represents "all the creditors, all the legatees, and eventually the heirs, be they legal or testamentary." Succession of Ames, 33 La. Ann. 1317. And in such cases his functions "are not limited to the execution of the legacies contained in the will, but extend also to the payment of the debts of the deceased." Meissonier, Executrix, v. Laurent, 14 La.Ann. 14.

We have here a succession which is vacant, or "intestate" to the extent of at least five-sixths of its assets, represented by no one, with no one in charge. It owes debts, inheritance taxes must be paid, interest is accumulating on the bonds and notes, and there is no one in charge of the real estate. It is admitted by counsel for both sides that some one should be put in charge.

■ The trial judge decided, and we approve his decision, that the appointment of an administrator is necessary. But the judge appointed Kniskern over the opposition of Barton, who also sought the appointment. The controversy then is between Kniskern and Barton as to which one should be appointed. Clearly, article 1059 of the Code of Practice and the jurisprudence to the effect that no suspensive appeal lies from the appointment of an administrator applies, in this case, and the suspensive appeal from the judgment appointing the administrator must be dismissed.

■ Counsel for DeWolfe Barton fears that the rights of the legatees under the purported will may be jeopardized by the appointment of an administrator because he may, in the course of his administration, dispose of the property mentioned in the will. He need have no such fears. The suspensive appeal taken by Barton and the legatees protects them. The administrator can make no disposition of the property mentioned in the will pending that suspensive appeal. This is conceded by counsel for the administrator. See Succession of Beattie, 163 La. 831, 112 So. 802.

For the reasons assigned, the motion to dismiss the suspensive appeal granted in the probate case, No. 4511, to Mrs. Maude W. Barton, Mrs. Nena H. Wadleigh, and Mrs. Pauline V. Markel from the judgment decreeing that the instrument presented for probate is not the last will and testament of the deceased, is overruled; the motion to dismiss the appeal devolutive and suspensive granted to the said Mrs. Barton, Mrs. Wadleigh, and Mrs. Markel from the judgment appointing the administrator is sustained and their appeal is dismissed. And it is further ordered that the motion to dismiss the suspensive appeal taken by DeWolfe Barton from the judgment appointing the administrator is sustained, and said appeal is dismissed.