177 So. 692

**Succession of PATTERSON.**

No. 34432.

Nov. 29, 1937.

W. C. Roberts, of Alexandria, for appellants Mrs. Maude W. Barton et al.

White, Holloman & White, of Alexandria, for appellees.

FOURNET, Justice.

We previously had this case for consideration on a motion to dismiss. 188 La. 113, 175 So. 820. The case is now before us on the merits and presents for our determination: (1) The legal status of a purported will and the appointment of a dative testamentary executor in connection therewith; and (2) whether an administration of the succession of the deceased is necessary, and, if so, the selection of an administrator.

In order to properly present the issues of this case, it is necessary to give the history thereof which is, briefly, as follows: Mrs. Gertrude P. Patterson died at her domicile in Rapides parish on November 26, 1936, leaving neither ascendants nor descendants, but did leave the following collateral heirs: (1) Mrs. Maude W. Barton, (2) Mrs. Nena H. Wadleigh, (3) Mrs. Pauline V. Markel, (4) Mrs. Catherine P. Loveland, (5) Mrs. Margaret P. Rice, and (6) Miss Beatrice Pollock, nieces of the deceased, (7) Le Roi P. Wadleigh, nephew, and (8) John Pollock Kniskern, a greatnephew of the deceased. Pursuant to an order of the district court, issued upon the application of Mrs. Maude W. Barton, a search for a will was made, but none was found. Subsequently, on March 18, 1937, De Wolfe Barton, representing Mrs. Maude W. Barton, Mrs. Pauline V. Markel, and Mrs. Nena H. Wadleigh, by powers of attorney, presented to the court for probate an instrument which he claimed to be the last will and testament of the decedent, holographic in form, and, at the same time, he asked to be appointed as dative tesamentary executor. Later he caused an inventory to be taken of the assets of the estate of the deceased, which showed property amounting to $158,145.73. Oppositions to the probate of the alleged will were filed, first, by Mrs. Margaret P. Rice, and then by Miss Beatrice Pollock, Mrs. Catherine P. Loveland, and John P. Kniskern, on the ground that the document propounded as a will was not a will and that a testamentary executor should not be appointed. In the alternative, opponents prayed that John P. Kniskern be appointed codative testamentary executor.

Before a hearing on the oppositions was had, John P. Kniskern filed an application before the same court to be appointed administrator of the succession of the deceased. His application was opposed by De Wolfe Barton on the ground that the decedent died testate and that he, when appointed as dative testamentary executor of decedent's will, would have the exclusive right to administer all properties belonging to the succession. In the alternative, opponent Barton prayed to be appointed administrator instead of the applicant Kniskern, for the reasons (1) that he is better qualified, and (2) that Kniskern cannot devote his entire time and attention to the administration of the estate, nor will he be able to remain within the jurisdiction of the court for that purpose, whereas opponent will be able to do so.

The proceedings in the probate court with reference to the purported will bear docket No. 4511, and those filed with reference to the administration of the estate bear No. 4552. By consent of all parties, the two cases were consolidated for the purpose of trial in the district court and for argument in the appellate court. But it was provided by the agreement that separate judgments were to be rendered on the issues involved in each case. The trial judge rendered judgment in proceedings No. 4511, decreeing that the document sought to be probated is not a last will or testament and refused to probate the same. In proceedings No. 4552, judgment was rendered decreeing that the decedent died intestate; that an administration of her estate was necessary and appointed John P. Kniskern administrator. Mrs. Maude W. Barton, Mrs. Nena H. Wadleigh, Mrs. Pauline V. Markel, and De Wolfe Barton appealed suspensively from the first mentioned judgment, and, from the latter judgment, they appealed suspensively and devolutively. But on motion to dismiss filed in this court by John P. Kniskern, on June 21, 1937, in the latter case, we dismiss the appeal of Mrs. Maude W. Barton, Mrs. Nena H. Wadleigh, and Mrs. Pauline V. Markel, and, as to De Wolfe Barton, we dismissed his suspensive appeal only. 188 La. 113, 175 So. 820.

The primary issue for our consideration is whether the document sought to be probated is the last will and testament of the decedent. It is proponents' contention that the document, if intended as a will, codicil, or testamentary disposition,

must be construed as such, even though the language contained therein may be conflicting or ambiguous. On the other hand, counsel for appellees argued both in brief and orally that, while this court is authorized under the rules prescribed by the Revised Civil Code, chapter 6, section 7, art. 1712 et seq., to construe wills, there is no authority for this court to give forced constructions to instruments which will have the effect of making a will not intended by the deceased. They contend that the language of the instrument reflects no animus testandi, nor is it testamentary in character.

The document, which was in an envelope addressed in the handwriting of the deceased to Nena H. Wadleigh, Pauline V. Markel, and Maude W. Barton, reads as follows:

"To my three nieces—

"Nena H. Wadleigh
"Pauline W. Markel
"Maude W. Barton

"I make a present of One Hundred shares of my First National Bank stock of Chicago, Illinois to be equally divided between them—which will not be included in my will—

         "Gertrude P. Patterson
"Alexandria, Louisiana
"February first
"Nineteen hundred twenty six."

It is expressly provided in the Revised Civil Code that "no disposition mortis causa shall henceforth be made otherwise than by last will or testament." Article 1570. A testament is defined to be

"the act of last will clothed with certain solemnities, by which the testator disposes of his property, either universally or by universal title, or by particular title." Article 1571. Article 1570 contains the further provision, however, that "the name given to the act of last will is of no importance, and dispositions may be made by testament under this title or under that of institution of heir, of legacy, codicil, donation mortis causa, or *under any other name indicating the last will, provided that the act be clothed with the forms required for the validity of a testament, and the clauses it contains, or the manner in which it is made, clearly establish that it is a disposition of last will."* (Italics ours.) "And in common practice a codicil is merely an addition to the will and forms part of it." Succession of Ledet, 170 La. 449, 128 So. 273.

▮ "In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament." Article 1712. But " * * * in the absence of a testamentary intent, there can be no will. Furthermore, the animus testandi must exist when the instrument is executed or acknowledged, and the intent must apply to the particular instrument produced as a will. A paper is not established as a man's will merely by proving that he intended to make a disposition of his property similar to or even identically the same as that contained in the paper. It must satisfactorily appear that he in-

tended the very paper to be his will. * * *" 28 Ruling Case Law § 3, p. 59.

It was said in the case of Theall v. Theall, 7 La. 226, 26 Am.Dec. 501:

"There cannot be a truer position, than that under which courts are directed in the construction or interpretation of wills, to be guided by the intention of the testator. *This intention must be sought in the words, which he has used in his will. It is not to be sought aliunde.*

*"But constructions and interpretations, are not to be resorted to for the discovery of the testator's intention, when he has used none but plain unequivocal expressions.* Candles are not to be lighted, when the sun shines brightly." (Italics ours.)

See, also, Oxley v. Clay, 7 Rob. 425; Succession of Foucher, 18 La.Ann. 409.

In the case of Billis' Will, 122 La. 539, 47 So. 884, 885, 129 Am.St.Rep. 355, this court had for determination whether or not a document sought to be probated was in fact a last will and testament or a conveyance in præsenti, and in disposing of that issue said:

*"That he did not intend it as a conveyance in præsenti is evident from the qualifying clause with which he begins the use of the dispositive language,* to wit, 'If anything happens to me, no matter what,' or, as we find it in the record, 'Any time something happens to me.' In other words, the addressee was to take possession of the property and occupy the status accorded to him by the instrument only when, and if, something should happen to the

writer, and the evidence offered by the opponents, in his handwriting, taken in connection with the facts subsequently developed, indicates clearly that the 'something' which the writer had in contemplation was his own death. Then follow the words:

" 'Take possession of that which I have. I give you all that I have accumulated. *That is my will.'* " (Italics ours.)

In the course of the opinion in the same case it was said:

"An eminent English author, dealing with the question presented, says:

" 'If an instrument is not testamentary, either in form or substance (none of the gifts in it being in testamentary language, or being in terms postponed to the death of the maker), and no collateral evidence is adduced to show that it was intended as a will, probate will not be granted of it as a testamentary document.'

"He then refers to the case of a person who wrote a paper in these words:

" 'I, A. B., in the presence of the two undermentioned witnesses, do give all my goods and chattels to M. D., of ........, spinster.'

"In such case it was held:

" 'That, as the paper bore upon its face no evidence of its being intended to be testamentary, but it rather appeared, both from its contents and from the evidence dehors (though the latter was rather conflicting), to have been intended as a present gift, probate ought not to be granted.' "

██ It appears to us from a careful study of the instrument sought to be pro-

bated in this case that it is neither testamentary in form nor in substance. In fact, the phrase "which will not be included in my will" negatives the testator's intention that this document should be considered as her last will or is a part of one previously made by her. Moreover, there is no collateral evidence to show that it was intended as a will other than the fact that the instrument was found in an old money bag of the decedent ten years after the date thereof. It is very plain that at one time decedent intended to make a present of 100 shares of her First National Bank stock to the three persons named in the instrument, and it is also manifest that she intended to make a will, but, in so far as this record shows, she did neither.

We therefore conclude that the judgment of the trial judge in probate docket No. 4511 is correct.

██ We shall now consider the issue raised in probate matter No. 4552, i. e., the opposition of De Wolfe Barton to the appointment of John P. Kniskern as administrator of the succession.

On the trial of the opposition to the appointment of an administrator, opponent's attorneys sought to offer, introduce, and file in evidence certain documents for the purpose of showing opponent's authority to act and appear in the premises, which offer was objected to by opposing counsel on the ground that such evidence was irrelevant and immaterial. The trial judge sustained the objection and assigned as his reason therefor that: "In view of the facts as shown that there is one of the beneficiary

heirs, John P. Kniskern [applicant], present in the State and of age, and he, under the provisions of article 1042, is entitled as a preference over every other person as administrator of this estate, it would necessarily follow that Mr. Barton, the [opponent] applicant acting as agent for heirs not present in the State, would not be entitled to the appointment, and therefore the documents offered in evidence are held irrelevant and immaterial and of no force and effect. The objection is sustained, the documents to be filed in the record but not in evidence." (Brackets ours.)

In the choice of an administrator the beneficiary heir, if of age and present in the state, is given the unconditional preference, Rev.Civ.Code, art. 1042, but, when the beneficiary heirs are absent from the state, but represented through their properly authorized attorneys in fact, they can claim the preference to the exclusion of creditors only, Rev.Civ.Code, art. 1045. Article 1121 of the Code, upon which the opponent relies, relates to the curatorship of a vacant succession. "A succession is called vacant when no one claims it, or when all the heirs are unknown, or when all the known heirs to it have renounced it." Rev.Civ.Code, art. 1095. Article 1121 of the Code is therefore not applicable to the case at bar.

We therefore conclude that the ruling of the trial judge is correct.

For the reasons assigned, the judgments herein appealed from are affirmed, at appellants' cost.

HIGGINS, J., absent.