777 So.2d 627 (2000)
SUCCESSION OF Vincent LOVOI.
No. 00-CA-1391.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2000.
*628 Richard T. Regan, Metairie, LA, for Plaintiff-Appellant.
Louis H. Schultz, Covington, LA, for Defendant-Appellee.
(Panel composed of Judges EDWARD A. DUFRESNE, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD, Pro Tempore).
DUFRESNE, Judge.
This an appeal by Mary Rose Lovoi Shaw, plaintiff-appellant, from a judgment probating the will of her father, Vincent Lovoi. Because we find neither legal nor manifest factual error on the part of the trial judge, we affirm that judgment.
The underlying facts of this litigation are not contested. Vincent Lovoi died on April 12, 1999, and was survived by three children: Joseph, Christine and Mary. Mary was his child by a previous marriage, and her existence was not known to Joseph and Christine until she intervened in the succession proceedings.
Joseph testified that upon his father's death he opened his safe deposit box and found there a document in the form of a statutory will which had been signed only by his father. He presented this document to the succession attorney who informed him that because it was not notorized and witnessed it was not a valid will. He said that at the time he knew of no other will and the succession was thus handled as one in intestacy. A judgment of possession was duly signed placing him and Christine in possession of the estate. He said that it was only when he and his sister were going through their father's papers after entry of the judgment of possession that an olographic will was discovered. He testified that he did not bring it to the succession attorney at that time because he assumed that all legal proceedings had been concluded.
The judgment of possession was signed on July 12, 1999, and on November 29, 1999, Mary filed a petition to vacate or amend the judgment of possession. At that time Joseph and Christine produced the olographic will (in which none of the estate went to Mary) and offered it for probate. Mary thereupon tried to show by expert testimony that this will was invalid because it was not written in her father's hand. After trial on the merits the trial judge found that the will was in fact written by Vincent and therefore ordered its probate. This appeal followed.
The general rule that factual determinations made in the trial courts will not be set aside absent manifest error is also applicable in will contest cases, Succession of Armstrong, 93-2385 (La.App. 4th Cir.4/28/94), 636 So.2d 1109; writ denied, 94-1370 (La.9/16/94), 642 So.2d 196. Under that standard, when evidence is presented which would support certain findings of fact, and those findings are reasonable in the context of the entire record, then those facts can not be set aside by the appellate courts. This is so even where the appellate court may have *629 made different findings had it been sitting as the trier of fact.
In the present case the evidence bearing on the validity of the olographic will was as follows. Joseph Lovoi testified that the reason the document was not produced earlier was that it was not found until after the first judgment of possession was entered, and he assumed then that all legal proceedings had been concluded and there was thus no point in bringing it to the attention of the succession attorney. The document itself was signed "Vincent Lovoi," and also signed by two witnesses, Lawrence Pontiff, Jr. and Mark Toups. Both of these men testified at trial that they knew the decedent well, had both been present at his house when he wrote the document, had both actually seen him write the document, and had both signed it at that time as witnesses.
Mary attempted to show that the document was written by someone other than her father. She testified that she had corresponded with him in 1996, and produced a letter and photograph which she said he sent to her on April 29, 1996. She also offered the testimony of Mary Ann Sherry, an expert on handwriting, on the issue of whether the will was written by her father or not.
This expert testified that she had examined five documents: 1) the olographic will, 2) the April 29 letter, 3) the photograph with writing on the back that had accompanied the letter, 4) the envelope in which the photograph and letter were sent, and 5) a U.S. Army form signed twice by Vincent Lovoi in 1942. The copies of these documents show that the letter, the writing on the photograph, and the street, city and state parts of the address on the envelope were all printed, while Mary's name on the envelope, the will, and the signatures on the Army document are in cursive script. On direct examination the following exchange took place:
Q. Ms. Sherry, in your expert opinion, the will was not written by the same person that wrote the letter?
A. It seemed to be two different writers.
Q. Do you have any doubt about that?
A. No.
On cross-examination the testimony was as follows:
Q. Ms. Sherry, you've given the Court an opinion that, just on the basis of these few documents, that Mr. Lovoi did not execute this will, am I correct?
A. No, I didn't say that. I said based on what I had, that, I mean, there was there was a lot of evidence that they were written by two different writers.
She went on to explain that in regard to the signatures that she would have preferred to have more recent ones than the 1942 Army document to compare with the will, but of the documents she examined these were the only ones available for comparison because the letter and photograph were not signed. She further testified that the signature on the will seemed to show an improvement in the handwriting, but that typically handwriting gets worse with age. She was shown the signature on the incomplete statutory will while on the stand, but she declined to express an opinion about it without more time for study.
On the basis of the above evidence the trial judge ruled that the will was written by the decedent and she therefore ordered it probated. In her oral reasons for judgment she said that she found that Joseph's story about how he came into possession of the olographic will made sense. As to the expert's opinion, she noted that the comparison of the old signatures was considered problematic by the expert herself, and that there was an additional problem in that the letter and photograph note were all printed, while the will was in cursive script. Finally, she noted that while the expert thought the various documents had been written by two different people, she had no proof as to which writing was that of the decedent. The judge's conclusion was that "I don't think that *630 [there] is sufficient proof to overcome the fact that this has been identified as Mr. Lovoi's will." The "identification" referred to here can only be that of Pontiff and Toups.
Appellant urges two assignments of error. In her first she asserts that the trial judge erred in rejecting the opinion of the only expert to testify. It is established that a reviewing court may not disturb a trier of fact's decision to accept or reject expert testimony in the absence of manifest error, Arnold v. Town of Ball, 94-972 (La.App. 3rd Cir.2/1/95), 651 So.2d 313. The court in the above case went on to say:
Thus, while uncontradicted expert testimony is not binding on the trier of fact, uncontradicted expert testimony should be accepted as true in the absence of circumstances in the record that cast suspicion on the reliability of the testimony. (At 319).
In the present case, there are indeed circumstances which cast suspicion on the opinion of the expert. By her own admission the expert could only say that there was a lot of evidence that pointed to different authorship, but the age of the Army document signatures was a problem. It was also shown that the comparison was made for the most part between print and script. On the other hand, testimony was heard from two witnesses who said they saw the decedent write and sign the document, which they then both signed. Obviously the trier of fact found these two witnesses credible and also found that the expert's opinion was not sufficiently weighty to overcome that credibility. Because these finding are reasonable in light of the entire record, they are not manifestly erroneous and will not be disturbed by this court.
In appellant's second assignment of error she asserts that the trial judge improperly required her to prove not only that the will was not written by decedent, but also who, if not he, actually wrote it. There is nothing in the record to substantiate this assertion. The only thing the trial judge said which might hint at such a problem was that even assuming that the documents were written by different people, there was still a question as to which of the documents was written by the decedent and which by someone else. Implicit in the judge's opinion is a finding that Pontiff and Toups were telling the truth. If indeed the documents were of different authorship, as asserted by the expert, then in the judge's opinion it was more likely that the letter and photograph note were written by someone other than decedent. The proof of the identity of this second author was never required of appellant, and therefore this assignment lacks merit.
For the foregoing reasons the judgment of the district court ordering probate of the olographic will is hereby affirmed.
AFFIRMED.