STEPHEN J. WINDHORST, Judge.
|2Appellant, Alvaro Boada, appeals the trial court’s judgment finding the olo-graphic will valid and granting the petition for probate and possession. For the following reasons, we affirm.
*351 FACTS AND PROCEDURAL HISTORY
Sara Boada, decedent, was admitted to Ochsner Medical Center from July 18, 2011 through July 25, 2011, where she was diagnosed with abdominal neoplasm, a cancerous growth in her abdomen. A decision was made not to operate and she was sent home with hospice care. She died on September 2, 2011, at the age of 90 years old.
On October 8, 2011, Alvaro Boada, decedent’s son, filed a petition requesting notice of application for appointment of succession representative. On January 6, 2012, Clemencia Boada filed a petition for probate and possession. The petition claimed that decedent died testate on September 2, 2011, in the Parish of Jefferson. The petition further claimed that decedent’s olographic will dated July 24, 2011, left all of decedent’s property to her daughter, Clemencia Boada. A rule to show cause why the olographic will should not be probated was set for hearing on February 10, 2012. On January 10, 2012, Mr. Boada filed an answer opposing the petition for probate and possession. Additionally, Mr. Boada filed an |,.¡opposition contending that the olographic will is illegible and thus, invalid. He further claimed that questions of fact exist concerning testamentary capacity and undue influence.
The trial court rendered judgment on February 10, 2012, finding that the olo-graphic will was legible and valid and thus, granted the petition for probate. The trial court held open the issues concerning testamentary capacity and undue influence and the matter was set for August 1, 2012.
After the hearing on August 1, 2012, the trial court again found that the olographic will was legible. The trial court found that “[wjhile there are portions of it that are difficult to discern, the overall intent of the will is clear that the — Ms. Boada wanted to leave all of her. possessions, all of her earthly possessions to her daughter, Cle-mencia Boada.” The trial court further found that Mr. Boada failed to prove by clear and convincing evidence lack of testamentary capacity or undue influence and granted the petition for possession. This appeal followed.
STANDARD OF REVIEW
An appellate court may not set aside factual determinations made by the trier of fact absent manifest error or unless clearly wrong. In re Succession of Horrell, 11-1574 (La.App. 4 Cir. 4/11/12), 102 So.3d 189, 142; In re Succession of Lovoi, 00-1391 (La.App. 5 Cir. 12/27/00), 777 So.2d 627, 628; Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). When evidence is presented which reasonably supports the findings of fact, then those findings of fact may not be. set aside, even if the reviewing court may have made different findings had it been sitting as the trier of fact. In re Succession of Lovoi, 777 So.2d at 628-629. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. In re Succession of Horrell, 102 So.3d at 142-143, eiting Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
^DISCUSSION
In his only assignment of error, Mr. Boada contends that the trial court erred in finding that the olographic will was legible and thus, valid.[1] Mr. Boada claims that because the will is illegible, there is no way to determine from the *352 document itself what bequests of property, if any, are included.[2]
To be valid, an olographic will must be entirely written, dated, and signed in the handwriting of the testator. La. C.C. art. 1575; Succession of Aycock, 02-0701 (La.5/24/02), 819 So.2d 290, 290. The only additional requirement is that the document itself must evidence testamentary intent. In re Succession of Carroll, 09-219 (La.App. 5 Cir. 12/8/09), 30 So.3d 11, 17. In the absence of testamentary intent there is no will. Id,.; Succession of Gourgis, 08-430 (La.App. 5 Cir. 11/12/08), 1 So.3d 528, 533. Extrinsic or parole evidence cannot be used to establish testamentary intent. In re Succession of Carroll, 30 So.3d at 17.
The document submitted for probate consists of one page and contains two sections. The top section contains what purports to be decedent’s Last Will and Testament and is entirely written, dated and signed by the decedent. The bottom section is a re-printed version of the top section, written by Clemencia Boada, signed by decedent, and witnessed by two individuals. It is undisputed by the parties that the bottom section is not a part of the will and is not at issue on appeal.
In reviewing the olographic will, we find that while some words are indecipherable, the majority of the document is legible and evidences a clear intent by the decedent to leave all of her earthly possessions to her daughter, Clemencia Boada. Accordingly, we do not find that the trial court was manifestly erroneous |fior clearly wrong in finding that the olographic will was legible and thus, valid, and in granting the petition to probate.
CONCLUSION:
Considering the above stated reasons, the trial court’s judgment finding the olo-graphic will valid and granting the petition for probate and possession is affirmed. Costs are assessed against appellant.
AFFIRMED.

. Mr. Boada did not designate as error or brief the issues concerning testamentary capacity or undue influence. Accordingly, we find that he has abandoned any assignment of error regarding those issues. La. U.R.C.A. 2-12.4.

. Mr. Boada does not contend that the purported olographic will is not in proper form.