11  106
48  173,

## ELVIRA McCALOP *v.* NOLAN STEWART et al.

Testamentary disposition in the following words: " I give to my great grandchildren—*Kitty's* children and *Lucy's*, if she has any—all the balance of my property of all kinds ; but be it known and understood, that *Elvira*, my daughter, is to have the care and management of it during her life in this world, and her and *Stewart* is to take possession of it and carry it on, and have the proceeds, if there be any, but shall not be bound to give a bond or security for anything.

If *Elvira* and *Stewart* should die before *Kitty* and *Lucy*, then the property to fall into their hands to be carried on in the same way, and the proceeds to go to them. The property is not to be sold, but to be kept together until the heirs come of age ; but as they come of age, they shall be entitled to a share with their parents."

There is no prohibited substitution in such a disposition. The great grandchildren are the instituted heirs. They are certainly not charged with the return of the testator's estate to any third person, nor to preserve it for any third person. The testator clearly expresses his intention that the property which he bequeathes to his great grandchildren should be kept together, and that there should be no partition of it until the heirs come of age. This disposition is expressly sanctioned by Article 1224 of the Civil Code.

The dispositions in favor of the testator's daughter and her husband, and in favor of his grand-daughters, the mothers of the instituted heirs, are not substitutions, but are usufructs within the purview of Article 1509 of the Code.

Code, 1482, 1489, 1507, 1509, 1224, 531, 534.

APPEAL from the District Court, Sixth District, Parish of West Baton Rouge, *Robertson*, J. *J. M & E. Elam*, for plaintiff. *T. G. Morgan*, for defendant and appellant.

BUCHANAN, J. *James McCalop* died in 1850, possessed of an estate inventoried at more than two hundred thousand dollars. At the time of his death, he had the following legitimate descendants :

1st. His daughter, the plaintiff, wife of *Nolan Stewart* ;

2d. Two granddaughters, the daughters of plaintiff, named respectively *Kitty*, wife of *Williams*, and *Lucy*, wife of *Dougherty* ;

3d. Three great grandchildren, the children of *Mrs. Williams* ;

4th. One great grandchild, the child of *Mrs. Dougherty*.

*James McCalop* made his will in the olographic form, which has been probated, and of which *Nolan Stewart*, one of the defendants, and husband of plaintiff, was qualified as executor.

The plaintiff brings this action to annul the will of her father, as being in prejudice of her rights as forced heir, and as containing *fidei commissa* and substitutions.

The will of *McCalop* commences by two particular legacies, which the plaintiff declares in her petition it is not her intention to disturb. It then proceeds as follows:

" I give to my great grandchildren—*Kitty's* children and *Lucy's*, if she has any—all the balance of my property of all kinds ; but be it known and under-

**107**

stood, that *Elvira*, my daughter, is to have the care and management of the whole of it during her life in this world, and her and *Stewart* is to take possession of it and carry it on, and have the proceeds, if there be any, but shall not be bound to give a bond or security for anything.

" If *Elvira* and *Stewart* should die before *Kitty* and *Lucy*, then the property to fall into their hands to be carried on in the same way and the proceeds to go to them. The property is not to be sold, but to be kept together until the heirs come of age; but as they come of age, they shall be entitled to a share with their parents."

It is admitted in argument, by counsel of defendants, that the plaintiff has the right to have the dispositions of the will of her father, in favor of others than herself, reduced to the disposable portion. That portion, in this case, was two thirds of the property of the testator. Civil Code, Articles 1480, 1482. The testamentary dispositions must therefore be reduced to that amount. C. C., 1489.

But the plaintiff claims the nullity of the dispositions of the will in favor of her grandchildren, *in toto*, as containing a prohibited substitution.

We have not been able to perceive any such substitution in the will in question. The definition of a prohibited substitution, contained in Article 1507 of the Code, is that "by which the donee, heir or legatee is charged to preserve for, or to return a thing to a third person." Now, in *McCalop's* will, his great grandchildren are the instituted heirs. *They* are certainly not charged with the return of his estate to any third person, nor to preserve it for any third person. The testator clearly expresses his intention that the property which he bequeaths to his great grandchildren, shall be kept together—that there shall be no partition of the same—until the heirs come to age. But this disposition is expressly sanctioned by the Article 1224 of the Civil Code. Again, the dispositions in favor of the testator's daughter and her husband, and in favor of his granddaughters, *Mrs. Williams* and *Mrs. Dougherty*, the mothers of the instituted heirs, cannot be viewed as substitutions. They are usufructs, and as such, are within the purview of Article 1509 of the Code. The duration of these usufructs is different, and it depends upon contingency whether that in favor of the testator's granddaughters shall have effect at all.

That in favor of his daughter, the plaintiff, is only to terminate with her life. It is an unconditional usufruct, which commenced immediately on the decease of her father. But the usufruct in favor of the testator's granddaughters is conditional, and not intended to take place at all, except on the happening of a certain contingency, to wit: their survivorship of their mother. As to one of those granddaughters, the condition has already failed, for *Mrs. Williams* has died since the institution of this suit. Again, as to the duration of the usufruct to the granddaughters, it was not, like that of their mother, contemplated to be co-extensive with their lives, but only to last during the minority of their children, the instituted heirs. Therefore, if the plaintiff should live until her grandchildren come of age, the usufruct of *Mrs. Williams*, her surviving daughter, will never take place. The prevailing idea of this will seems to be the assuming to the heirs of the testator, during their minority, an administration of the estate which their ancestor had provided for them, by parties selected by that ancestor, and who will be the most likely to watch over their interests with jealous care. The testator could not effect this object by an appointment of testamentary tutor; for the fathers and mothers of his heirs

were all living.  Under these circumstances, he adopted the method of a constitution of usufruct in the grandmother and grandfather of those heirs (the former his own only child); and failing those, in the mothers of the heirs. There is nothing in the dispositions of the will in this regard, which is contrary to law.  Usufruct may, from its origin, (*dès son origine*,) be conferred on several persons, in divided or undivided portions.  C. C., 531.  Usufruct may be established simply, or to take place at a certain day, or under condition; in a word, under all such modifications as the person who gives such a right, may be pleased to annex to it.  C. C., 534.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that the plaintiff be recognized as forced heir of *James McCalop*, deceased, to the extent of one third of his property, and as such that she be put in possession of one third of his estate as owner; that in other respects, the will of *James McCalop* be maintained with right of usufructuary to the plaintiff in the remaining two thirds of his estate, during her life; and that the costs of the District Court be paid by the succession of *James McCalop*, and those of this court by the plaintiff and appellee.