## No. 9028.

## E. H. SAMUELS ET AL. VS. ISABELLA H. BROWNLEE ET ALS.

Usufructuaries dispensed from security are entitled to the possession and enjoyment of the property as soon as the debts and charges of the succession of the testator making the bequest of the usufruct have been satisfied.

Testamentary executors, who, after the debts and charges have been paid. deliver possession to such usufructuaries, cannot be held responsible in case of waste and damage by the usufructuaries, who are accountable only to the owners of the property burdened with the usufruct.

A testamentary disposition authorizing executors to administer the succession property does not require them to interfere with such usufructuaries during the course of the usufruct, after such putting in possession.

The exclusion of the tutor of minors, to whom the naked ownership of part of the property subjected to the usufruct belongs, from interference with the executors, does not prevent him from protecting the rights of his wards as against the usufructuaries.

Executors authorized by the will to administer the portion of the estate bequeathed to such minors, as they may deem proper, until the youngest of them arrives at his majority, cease to have the right to administer after the usufructuary has been put in possession, but may be called upon to resume and continue the administration of that portion, for the benefit of the minors, only should the usufructuary die previous to the attaining of his majority by the youngest legatee.

A judgment homologating an account of such executors, rendered after putting the usufructuaries in possession and discharging them from liability until then, but retaining them conditionally in office, in case events provided for by the will require them to resume the administration of the property, may help in the construction to be placed upon the will.

Samuels et al. vs. Brownlee et al.

A testator has a right to confer the usufruct jointly or in divided portions. A bequest of the usufruct of the same property in the last mode, does not require the executors to place the usufructuaries separately in possession, when they accept a delivery of the whole to both.

A PPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

*Egan & McEnery, R. H. Marr* and *Ellis & Ellis* for Plaintiffs and Appellants.

*Jos. P. Hornor* and *F. W. Baker* for Defendants and Appellees.

*Singleton, Browne & Choate* on the same side.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action sounding in damages for upwards of $15,000.

It is brought by the legatees of the naked ownership of one-half of the estate of a testator, against the executors of the latter and the representatives of the usufructuaries of that and of the other half.

The complaint is, that the executors in violation of their trust and of the law, have voluntarily placed the usufructuaries in the undivided possession of all the effects of the succession; that they have permitted those usufructuaries to waste and squander the movables and to dilapidate the real estate; that the usufructuaries, or their representatives, having failed to return the misused property and to repair the damage done, the executors and such representatives are responsible for the denounced wrongful acts, unlawful conduct and neglect of duty which have occasioned the injury and should be held liable *in solido.*

From a judgment on an exception of no cause of action, filed by the executors, sustaining the defense and dismissing the suit, the plaintiffs have appealed.

For the purpose of the exception all the facts set forth must be taken as true.

From that standpoint the question to be determined is simply:

Whether the plaintiffs are entitled to recover from the executors.

The following is a substantial statement of the averments of the petition.

George Heation died in 1873, leaving a will, by which, after making several particular legacies, he gave the usufruct of one-half of his estate to his sister, Mrs. Samuels, and the usufruct of the remaining

half to another sister, Anne Heation, dispensing both from furnishing security.

The naked ownership of the first half he bequeathed to the plaintiffs, subject to administration from the beginning until after the usufructuary's death and until the youngest of them would become of age.

A like ownership of the other half he gave to his two nieces.

The testator also appointed a number of executors, dispensing them from security; but two only of them accepted the trust and qualified accordingly, Stringer and Middlemiss, who are made defendants herein.

They caused the property left by the testator to be inventoried, took possession of it, satisfied the charges against the succession, delivered the residue to the usufructuaries, that residue consisting in real estate, stock, securities, ready money, etc. They next presented an account which was homologated in 1874, the court discharging them from responsibility up to then and retaining them conditionally in office, in case events provided for in the will would require them to resume the administration of the succession property. Those events never arose, the first named usufructuary, Mrs. Samuels, dying in April, 1882, and the youngest child, joint legatee of the naked ownership of the half subjected to Mrs. Samuels' usufruct, attaining his majority in March, previous to her death.

The claim is, that, under the terms of the will, which the executors had accepted, they were bound to take and continue in possession of the entire estate, and administer the same, from the moment of the death of the testator to the putting in possession of the naked owners, which was to be, as concerned the plaintiff, when the youngest of them would have attained the age of majority, if the usufructuary, Mrs. Samuels, was then dead; and that as the executors have without authority delivered undivided possession to the usufructuaries, and injury has in consequence resulted, they must be held responsible.

The defense is that, under the terms of the will and the law, the executors were enjoined and bound to put the usufructuaries in possession, as they have done, that when they did so, their administration and responsibility ended, subject to resumption in the event that Mrs. Samuels would die before the youngest of the plaintiffs became of age, a circumstance which did not occur, as that youngest legatee attained his majority before his grandmother, Mrs. Samuels, had departed this life.

In order to determine that issue, it is necessary to consider the terms used by the testator, in order to ascertain his intention and test the construction put upon it by the plaintiffs.

Samuels et al. vs. Brownlee et al.

The particular clauses relied upon, read as follows:

" I give and bequeath to my sister, Elizabeth Heation Samuels, the usufruct and enjoyment, for and during the term of her natural life, of the one-half part of the remainder of all my estate, and dispense her from security therefor."

"I give and bequeath, in full ownership, the one-half of the residue of all my estate (the usufruct of which half is hereinbefore bequeathed to my sister, Elizabeth Heation Samuels) to Elizabeth Heation Samuels, aged about 16 years, George H. Samuels, aged 14 years, Sarah Jane Samuels, aged 12 years, Wilhelmine Samuels, aged 10 years, all the children of my late nephew, William Samuels,"    *    *    (these legatees being the plaintiffs herein)    *    *    *    "to be divided between them by roots, and to be enjoyed by them from and after the time the youngest of them shall have attained the age of majority and after the death · of my said sister, Elizabeth Heation Samuels.    And I hereby empower my testamentary executors to administer the said half of my estate, as they may deem proper, until the youngest of the surviving of the above named minors arrives at the age of majority, free from all or any control, or interference on the part of the tutor of said minors, or of such of them, as shall have become of age, previous to the happening of the majority of the youngest of them."

" I give and bequeath to my two nieces, Isabella Brownlee and Carolina Gale, in full ownership, to be enjoyed by them, from and after the death of my above named sister, Anne Heation, the other half of the remainder of my estate, be the same what it may (the usufruct of which is hereinbefore bequeathed to my said sister, Anne Heation)."

"1 hereby nominate and appoint for my testamentary executors and detainers of my estate, Messrs. Frederick Stringer,"    *    *    "Peter R. Middlemiss,"    *    *    *    (and others named, who did not qualify)    *    *    *    "to act jointly and severally, and I hereby request and empower them to fully and finally carry out the provision of this will, and I hereby dispense them with furnishing security as such testamentary executors."

It is manifest that the intentions of the testator were:

1. To provide for his two sisters during their life.    To that end he gave them the usufruct, each of half of his estate, dispensing both from a security which otherwise could have been exacted from them by the naked owners.

2. To provide for the grandchildren of one of those sisters, Mrs. Samuels, the plaintiff herein, who were at the time minors.    For that

purpose, he bequeathed to them the naked ownership of the half subjected to their grandmother's usufruct, with the condition that it should not be under the control of their tutor.

3. To provide for his two nieces named. To accomplish that object, he bequeathed to them the naked ownership of the half subjected to the usufruct of his second sister.

So that at the death of the testator, his estate was dismembered; the usufruct accrued to his sisters, the naked ownership to the plaintiffs and to his nieces, in the proportions specified by him; they each and all becoming seized according to their respective titles, possession primarily, under the mandate conferred by the will, vesting in the executors named.

The duty of those executors under the will and under the law was to take all proper conservatory measures, to inventory the property, to collect assets, to pay debts, to discharge special legacies, and otherwise to carry out the will.

That they did. The usufructuaries were entitled to demand possession of all the estate. The executors could have set no justification in resisting such demand. In their anxiety to execute the last intentions of their departed friend, they anticipated the demand, they tendered the delivery of the estate to the usufructuaries, who accepted it and who went into possession of it as such.

It was no concern of the executors whether the legacy of the usufruct was joint or divided. Had they made an equal division of the estate subjected to the usufruct, at the time of the delivery to the usufructuaries, nothing could have prevented these beneficiaries from uniting their tenure and enjoying the property in common. The executors would have done a vain thing.

The testator could legally confer the usufruct jointly or in divided portions. 10 L. 246; R. C. C. 539. But he would not and did not confer it in common or jointly, for the obvious reason that it was not his desire to subject *all* his estate first to the usufruct of both and next to the usufruct of the survivor, which would have been the case had the legacy been a conjoint one. His intention was that, at the termination of the usufruct of each half, by the death of the usufructuary, the right of use and enjoyment should at once unite with the naked ownership and accrue to the legatees of the fee of each half. It was his intention that, at the death of Mrs. Samuels occurring prior to the majority of the youngest of the minors, Samuels, the half bequeathed to them should then be under the exclusive control of the executors, free from

any interference on the part of their tutor. It was his intention that, at the death of his sister, Anne Heation, the use and enjoyment of the other half, subject to her usufruct, should accrue to his nieces, who would then become the absolute owners of the same.

From the fact that the testator dispensed his sisters from furnishing security, as he had a perfect right to do, as he left no forced heir, 15 A. 588; 2. A. 30, it cannot but be inferred that it was his *will* that his executors should place them in possession of the estate, as soon as practicable after his death—a thing which certainly they could not have done had not those beneficiaries been thus exempted. R. C. C. 558.

It is only where the usufructuary does not give the security required by law, that possession of the things subject to the usufruct can be withheld from him. R. C. C. 563-4; 13 A. 143, 157; 18 A. 601. Had not the testator formally relieved usufructuaries from security a different case would have been presented. By thus exempting them, the testator has manifested some indifference as to the possible fate of the property susceptible of consumption and remained satisfied with the idea that after all, the real estate remaining, when the usufruct would determine, might still be a handsome and sufficient liberality in favor of the naked owners.

A usufructuary is one who enjoys a thing, the ownership of which belongs to another, with the right of drawing from it all the advantages of which it is susceptible and even of altering its substance in some cases, R. C. C. 533, 541, 536, but subject to certain obligations. R. C. C. 567; 3 A. 496; 8 A. 138; 17 A. 325; 20 A. 504.

The right of the sisters of the testator as usufructuaries under the will and the law, was to demand possession and on obtaining, to enjoy the property subject to their usufruct, under the obligations imposed by law. They could not have enjoyed that property as usufructuaries unless they actually had that possession.

The duty of the executors was, therefore, after payment of the debts and legacies, not to wait for a demand of delivery, but to turn over to the usufructuaries the residue of the succession assets, however composed.

They were not required to withhold that possession and to administer the property to be enjoyed by the usufruct. Had the testator, who has expressed his intentions throughout with remarkable clearness, thus designed, he would have used unambiguous language and *said so;* but he has not done it.

The executors have faithfully accounted to the court which had confirmed them and ordered the execution of the will, and that court has

discharged them from all responsibility, up to that time incurred, retaining them *in esse* for a contingency.

When they turned over the mass of the succession property to the usufructuaries, they ceased to be under further obligation to administer it. The naked ownership had vested in the plaintiffs and in the testator's nieces. If any conservatory acts subsequently became necessary for the preservation of the rights of the plaintiffs, as naked owners of the half subjected to their grand mother's usufruct, the duty of taking proper steps to that end devolved on their tutor or guardian, as the representative of the owners    2 A. 897. The exclusion, by the will, of that functionary, from control or interference, related only to the case of possession and administration of the half of the executors and, in no way, to that by the usufructuaries.

Under the spirit and letter of the will and the law, the executors were again to have possession of the half bequeathed to the plaintiffs and to administer the same for their benefit, only had Mrs. Samuels, the usufructuary, died before the youngest among them had attained his majority.

As that foreseen event never was realized, it follows that the seizin, possession and administration which the will and the law conferred on the executors, terminated when they placed the usufructuaries in possession, and that their official responsibilities likewise ended at that moment.

The executors having, therefore, faithfully carried out the last will of George Heation, were properly exonerated, by the lower court, from the liabilities sought to be saddled upon them.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed, with costs.

Poché, J. takes no part, not having heard the argument.