CULPEPPER, Judge.
The petitioner, Fred G. Fournet, is one of the four surviving children of the decedents, Louis J. Fournet and Mrs. Blanche Fleming Fournet. He opposes the probate of the will of Mrs. Blanche Fleming Four-net on the grounds that it contains a prohibited substitution. From an adverse judgment, the opponent, Fred G. Fournet, appealed.
*334 The sole issue on appeal is whether the provisions of the will creating successive usufructs must be considered a prohibited substitution.
The facts show that Mrs. Blanche Fleming Fournet died in 1956, leaving four surviving children: Reverend Lawrence M. Fournet; Fred G. Fournet; Beulah Four-net; and Maydell Fournet Theriot. She left a will dated November 28, 1952, which contained the following dispositions allegedly constituting a prohibited substitution:
“ ‘I will and bequeath unto my beloved daughter, Beulah Fournet, as an extra portion and advantage and besides the portion to which she will be entiled by law in my succession, the usufruct during her natural life of all my undivided rights, titles, interests, claims and pre-tentions in and to the following described property.’ ” (Then follows a description of a town lot with the drugstore, dwelling, furniture and fixtures located thereon.)
* * * * * *
“ ‘I also will and bequeath my daughter, Maydell Fournet Theriot, the usufruct of all of the above specified property from and after the death of my daughter, Beulah Fournet, should the said Maydell Fournet survive said Beulah Fournet, said usufruct to be for her natural life from and after the death of said Beulah Fournet and up to the time of her death.
“ ‘The balance of my property I will and bequeath to all of my children, share and share alike.’ ”
The opponent to the probate of this will contends it contains a prohibited substitution in that the usufruct of the property was bequeathed to Beulah until her death, at which time the same usufruct devolves to the other daughter, Maydell, if she survives.
The contention is that such successive usufructs are invalid under Louisiana law.
We will first state some general principles of law. Substitutions are prohibited in this state by LSA-C.C. Article 1520 which reads as follows:
“Substitutions are and remain prohibited, except as permitted by the laws relating to trusts.
“Every disposition not in trust by which the donee, the heir, or legatee is charged to preserve for and to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee. (As amended Acts 1962, No. 45, § 10”
However, vulgar substitutions and donations of the usufruct to one, and the naked ownership to another, are excepted from this sweeping prohibition by the two following code articles:
“Art. 1521. The deposition (disposition), by which a third person is called to take the gift, the inheritance or the legacy, in case the donee, their heir or the legatee does not take it, shall not be considered a substitution and shall be valid.”
“Art. 1522. The same shall be observed as to the disposition inter vivos or mortis causa, by which the usufruct is given to one, and the naked ownership to another.”
Many cases state the essential elements of the prohibited substitution are that the immediate donee or legatee is charged with the duty to keep the title of the thing inalienable during his lifetime, to be transmitted at his death to a third person designated by the original donor or testator.[1] The substitution-usufruct problem has been the source of much litigation, but we have found only three cases, discussed hereinafter, dealing with successive usufructs. The question is usually whether the bequest to the first legatee is a bona fide usufruct, permissible under LSA-C.C. Article 1522, or *335 whether it is the naked ownership, passed from the first legatee to the second legatee, in which event it is a substitution.[2]
Usufruct is defined in LSA-C.C. Article 533 as “the right of enjoying a thing, the property of which is vested in another, and to draw from the same all the profit, utility and advantages which it may produce, provided it be without altering the substance of the thing.” Usufruct is a personal servitude, in the sense that it expires at the death of the usufructuary and does not pass to his heirs, LSA-C.C. Articles 606, 646.
 We have concluded that successive usufructs are not prohibited substitutions in Louisiana. Although they are not expressly recognized (nor prohibited)' in our Civil Code, there is sufficient basis to support their validity.[3] This basis is as follows : Article 1522 expressly affirms a disposition of the usufruct to one legatee and the naked ownership to another. The divisibility of usufructs is recognized by Article 538,[4] which can readily be construed to permit the creation of one usufruct divided between two persons. Article 542 [5] provides that usufruct may be established to begin on a certain day or on the happening of a condition. And Articles 608 and 609 clearly imply that successive usufructs are permissible.[6]
Despite the rule that usufructs expire on the death of the usufructuary, usufructs in favor of several persons jointly, and revertible from one person to the other, not terminating until the death of the last survivor, were recognized in French law,[7] and have been affirmed in at least two Louisiana cases.[8] It-is logical that if such reverti-bility is permitted, successive usufructs should also be permitted.
Of course, successive usufructs, like other donations, are restricted by LSA-C.C. 1482 which provides:
“Art. 1482. In order to be capable of receiving by donation inter vivos, it suffices to be conceived at the time of the donation.
“In order to be capable of receiving by last will, it suffices to be conceived at the time of the decease.
“But the donations or the last will can have effect only in case the child should be born alive.”
*336 Successive usufructs are recognized under the French[9] and Spanish Civil Codes,[10] despite the rule that usufructs terminate on the death of the usufructuary. The rationale is that the successive usufructuaries take directly from the original owner and hence there is no substitution.
As mentioned above, there are three Louisiana cases which involve successive usufructs. Although it can be argued that the holdings are dicta or inconclusive, all three cases approve successive usufructs. The first case is McCalop v. Stewart, 11 La.Ann. 106 (1856) in which the court said of the successive usufructs there at issue:
“Again, the dispositions in favor of the testator’s daughter and her husband, and in favor of his granddaughters, Mrs. Williams and Mrs. Dougherty, the mothers of the instituted heirs, cannot be viewed as substitutions. They are usufructs, and as such, are within the purview of Article 1509 of the Code. The duration of these usufructs is different, and it depends upon contingency whether that in favor of the testator’s granddaughters shall have effect at all.
=!= SK * # * *
“There is nothing in the dispositions of the will in this regard, which is contrary to law. Usufruct may, from its origin (des son origine,) be conferred on several persons, in divided or undivided portions. C.C., 531. Usufruct may be established simply, or to take place at a certain day, or under condition; in a word, under all such modifications as the person who gives such a right, may be pleased to annex to it. C.C., 534.” (This Article 1509 cited is from the Civil Code of 1925, the source of our present Article 538.)
The next case is Succession of Buissiere, 41 La.Ann. 217, 5 So. 668 (1889), in which the testator bequeathed the usufruct of part of his estate to his wife, with the provision that it continue in certain nephews and nieces after the death of the wife and end on the death of these latter usufructuaries. The testator’s daughter was named as universal legatee, receiving the naked ownership of the property. Certain collateral heirs attacked the will on several grounds, one of which was that the provisions as to usufruct constituted a prohibited substitution. The court held:
“2. We think that the charge that the will contains a prohibited substitution and fidei commissum is not tenable, for the reason that it does not appear that the legatee of the usufruct and the universal legatee where charged to preserve for, or to return a thing to, a third person. Rev.Civil Code, arts. 1520, 1522 * * * The fact that the testator has expressed the desire that, after the death of his wife, certain nephews and nieces of his, or their descendants, should enjoy the like usufruct, is of no moment. If unwarranted by law, it must simply be reputed as unwritten. (Id. art. 1519,) and, in any event, it does not impair the validity of the disposition of usufruct in favor of the widow. Succession of Law, 31 La.Ann. 456.”
The third case is Fricke v. Stafford, La. App., 159 So.2d 52 (1st Cir. 1963). The will there provided:
“ T give and bequeath to my daughter Wilhelmina Fricke a life usufruct of all property real, personal and mixed of which I may die possessed, subject only to the usufructrary claim of my wife should she survive me as fixed by law in her favor.’ ”
Although the successive usufruct in the Fricke case was not attacked as being a prohibited substitution, it was recognized as barring a suit for partition affecting the rights of the usufructuaries.
*337 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
Affirmed.

. Succession of Rougon, 223 La. 103, 65 So.2d 104 (1953); Succession of Johnson, 223 La. 1058, 67 So.2d 591 (1953); In re Succession of Abraham, 136 So.2d 471 (3rd Cir. 1962).

. Succession of Thilborger, 234 La. 810, 101 So.2d 678 (1958); Succession of Rougon, supra, Succession of Johnson, supra; Comment, 3 Loyola La.Rev. 185 (1946).

. Of great assistance in our research, of the problem were: (1) Xiannopoulos, Usufruct: General principles in Louisiana and Comparative Law, 27 La.L.Rev. No. 3 (1967) ; (2) Cavanaugh, Successive Usufructs and Substitutions, a paper prepared for the Foreign and Comparative Law Seminar sponsored by L.S.U. School of Law in 1968; and (3) Tucker, Substitutions, Fidei commissa and Trusts in Louisiana Law, 24 La.L.Rev. 439.

. “Usufruct is divisible; for if this right is vested in several persons at a time, there is but one usufruct, which is divided among them, each having his portion. The reason is because the object of this right is the receiving the fruits of the thing, which are corporeal and divisible.”

. “Usufruct may be established simply, or to take place at a certain day, or under condition; in a word, under all such modifications as the person who gives such a right may be pleased to annex to it.”

. “Art. 608. If the title of the usufruct has limited the right to it to commence or determine at a certain time, or in the event of a certain condition, the right does not commence or determine till the condition happens or the time elapses.” “Art. 609. If the usufructuary is charged to restore the usufruct to another person, his right to the usufruct expires whenever the time for making such restitution arrives.”

. Planiol, Civil Law Treatise, An English Translation by the Louisiana State Law Institute, Yol. 1, Sec. 2839.

. Arceneau v. Bernard, 10 La. 246; Samuels v. Brownlee, 36 La.Ann. 228.

. Xiannopoulos, Usufructs: General principles in Louisiana and Comparative Law, 27 La.L.Rev. No. 3, Footnote 228.

. Spanish Civil Code Article 787 (1889).