CHASEZ, Judge.
Defendant in rule, the Whitney National Bank of New Orleans, has appealed from a judgment ordering it to release the contents of a bank box in its City Bank Branch to William J. Prutzman.
Prutzman’s wife died intestate, and in her succession proceeding, William J. Prutzman obtained a judgment of possession recognizing him as owner of an undivided one-half interest in the community property, and usufructuary of the decedent’s community interest. The minor children, Timothy Dale Prutzman and Laura Ann Prutzman, issue of the marriage of William J. Prutz-man, were sent into possession of the naked ownership of decedent’s undivided one-half community interest.
*305 When Prutzman applied for release of the contents of a bank box in the name of William J. Prutzman or Mrs. Barbara Geer Prutzman (his deceased wife) he furnished the bank with a certified copy of the judgment of possession.
The bank refused to release the contents of the safety deposit box, taking the position that no tutor had been appointed for the minor children, and before the contents could be released, a tutor would have to sign a receipt for the contents as representative of the minors.
In resisting the rule brought by Prutz-man, the bank relied on LSA — R.S. 6:66, which provides in part:
“Upon proper authority and upon obtaining a receipt therefor, any bank may transfer any money or other property in its possession, belonging to a deceased person, to the decedent’s succession representative, heirs, or the legal representatives of the heirs.
“The letters of the succession representative or the judgment recognizing and putting the heirs in possession, issued by a court of competent jurisdiction, and accompanied by letters of tutorship or curatorship of the heirs who are not sui juris, shall constitute proper authority for making the transfer, which when so made and receipted for shall be full protection to the bank.
“The receipt to be obtained by the bank may be in any form, but it shall be signed, either by the succession representative accompanied by a certified copy of the letters, or by the heirs or the legal representatives of the heirs who are not sui juris, accompanied by a certified copy of the judgment recognizing and putting the heirs in possession and by a certified copy of the letters of tutorship or curatorship of the legal representatives of the heirs who are not sui juris.”
It is the bank’s contention that under the clear language of this statute (last amended in 1921) the bank must have letters of tutorship before releasing the property of minors and the tutor must receipt therefor.
Conversely, plaintiff in rule asserts that he is entitled to possession of the contents of the safety deposit box, all community property according to the sworn descriptive list filed in this proceeding. It is his position that the judgment of possession recognizes him as owner of an undivided one-half of the community property and usufructuary of the remainder of the community. Because, as usufructuary, he is entitled to possession and use of his deceased wife’s community interest, the bank cannot demand a receipt from the naked owners of the property before releasing the contents to him.
Plaintiff contends it makes no difference whether the naked owners are competent or not sui juris. In view of the fact that the usufructuary is entitled to possession of the property subject to the usufruct, the bank cannot demand a receipt from either the competent naked owners or a legal representative of the naked owners not sui juris.
Plaintiff in rule further‘points out that under Article 3004 of the Code of Civil Procedure, it is evident that the legislature dispensed with the requirement to appoint tutors for minors in certain cases. That article states:
“The heirs of an intestate may be recognized by the court, and sent into possession of his property without an administration of his succession when none of the creditors of the succession has demanded its administration, on the ex parte petition of:
“1. Those of the heirs who are competent, if all of these accept the succession unconditionally.
“2. The legal representative of the incompetent heirs, if all of the heirs are *306 incompetent, and a legal representative has been appointed therefor; or
“3. The surviving spouse in community of the deceased, if all of the heirs are incompetent and no legal representative has been appointed for some or all of them.
“In such cases the surviving spouse in community of the deceased may be recognized by the court as entitled to possession of the community property, as provided in Article 3001.”
The language of Article 3004(3) clearly permits the surviving spouse on his petition alone to obtain possession of community property for himself and his minor children without first qualifying a tutor for the minor children. Further, the court is given discretion to render a judgment of possession recognizing the surviving spouse’s right to possession of the community property, as provided in Article 3001. The applicable part of that article states:
“The surviving spouse in community of an intestate shall be recognized by the court on ex parte petition as entitled to the possession of an undivided half of the community, and of the other undivided half to the extent that he has the usufruct thereof, without an administration of the succession, when the community is accepted, and the succession is relatively free of debt, as provided above.”
It is the Bank’s contention that the statute does not dispense with the requirement to appoint tutors for minors, and that the requirements of LSA-R.S. 6:66, indicating a receipt by the legal representative of heirs not sui juris, must be obtained by the bank before releasing property, is not abrogated by C.C.P. Art. 3004.
We find no merit in this contention. If the court is given discretion to render a judgment of possession in the instant circumstances on the petition of the surviving spouse alone, we do not think a bank can impose more stringent conditions on the surviving spouse in community than did the legislature before releasing community property to the surviving spouse.
At the time R.S. 6:66 was last amended, the surviving spouse could not obtain a judgment of possession recognizing his ownership of an undivided one-half interest in the community and his minor children’s ownership of his deceased spouse’s half interest, subject to his usufruct, without first appointing a tutor for the minor heirs. However, C.C.P. Article 3004 was enacted 40 years after the last amendment to R.S. 6:66, thus the requirements therein that seemingly conflict with C.C.P. Article 3004 (3) have been superceded.
Under C.C.P. Article 3062, the bank in the instant case is relieved of any liability in releasing the contents of the safety deposit box to the usufructuary. That article states:
“The judgment of possession rendered in a succession proceeding shall be prima facie evidence of the relationship to the deceased of the parties recognized therein, as heir, legatee, surviving spouse in community, or usufructuary, as the case may be, and of their right to the possession of the estate of the deceased.” (Emphasis supplied.)
We further conclude that in the instant case, the bank should not have refused to release the contents of the safety deposit box to plaintiff in rule, and this would be true whether the naked owners were competent or heirs sui juris. Article 3062 of the Code of Civil Procedure includes the usu-fructuary in enumerating those entitled to obtain possession of the deceased’s estate upon being so recognized in a judgment of possession. .
This procedural article is consistent with Civil Code Article 599 that provides the owner is bound to deliver the property subject to the usufruct, to the usufructuary or suffer him to take possession of same. In *307 Samuels v. Brownlee, 36 La.Ann. 228, the court held that the executor who delivered property to the usufructuary was not liable to the legatee of the naked ownership who later asserted the usufructuary had wasted the property over which he had the usufruct. The executor in delivering the property directly to the usufructuary properly discharged his duty according to the Samuels ruling.
Because the usufructuary is entitled to the use and possession of property over which he enjoys the usufruct, and the naked owner cannot impede or frustrate this right, we conclude the bank cannot require the naked owner to receipt for property in its possession before releasing it to the usufructuary, provided that sufficient proof has been furnished to establish the usufructuary’s right to possession.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.