HALL, Judge.
This appeal involves the interpretation of a will, the dispositive provisions of which read in full as follows:
“I will and bequeath unto my wife, Cordia McCrary, nee Nobles, all of the property that I die possessed of, whether movable or immovable so long as she does live.”
The issue is whether the bequest to the testator’s wife vested in her full ownership of the testator’s property, as contended by appellees, or only a usufruct for life, as contended by appellants.
T. L. McCrary, also known as Levi McCrary, died October 25, 1967, leaving neither ascendants nor descendants, survived only by his widow, Cordia Nobles McCrary, and numerous collateral heirs. The decedent’s olographic will dated Au *900 gust 2, 1938, was duly probated and subsequently, on petition of the curatrix of Mrs. McCrary, who was an interdict, a judgment of possession was rendered recognizing the decedent’s surviving spouse as universal legatee under his will and as entitled to the possession of all of his property. The decedent’s estate consisted of both community and separate property.
Several months later the collateral heirs of T. L. McCrary filed a petition to reopen the succession alleging that the will created a usufruct in favor of the decedent’s surviving widow and praying that plaintiffs be recognized as entitled to the ownership and possession of the decedent’s property, subject only to the usufruct of Mrs. Mc-Crary. Plaintiffs further prayed that an administrator be appointed, that the dative testamentary executrix render an accounting, and that inheritance taxes be fixed.
An answer was filed by the curatrix of Mrs. McCrary. The widow subsequently died and an answer was then filed by the executrix of the estate of Mrs. McCrary and by her legal heirs. The defendants prayed that plaintiffs’ demands be rejected and, alternatively, in the event the court should find the decedent’s will created only a usufruct in favor of the widow, the widow should be recognized as the heir of decedent and entitled to the ownership of his interest in the community property.
The case was submitted for decision in the district court on the basis of the record without taking oral testimony or other extrinsic evidence.
The trial judge ad hoc in a carefully considered written opinion held that the bequest was of full ownership and rejected plaintiffs’ demands. Plaintiffs appealed.
Appellants contend that the bequest contained in decedent’s will created only a usufruct with the naked ownership of decedent’s separate property going by operation of law to his collateral heirs. On the other hand, appellees contend that the widow was vested with full ownership of her deceased husband’s estate as universal legatee under his will.
We are of the opinion that the decision in this case is controlled by the decisions of the Louisiana Supreme Court in Succession of Weller, 107 La. 466, 31 So. 883 (1902) and Succession of Verneuille, 120 La. 605, 45 So. 520 (1908). We, therefore, hold that the bequest contained in decedent’s will of all of his property to his wife “so long as she does live” amounted to a bequest of the usufruct for life and did not vest full ownership in the decedent’s widow. The two cases cited, although decided many years ago, are directly in point, have never been overruled, and in our opinion represent a correct determination of the issue of interpretation before the court.
Succession of Weller involved the interpretation of a will in which the testatrix bequeathed her possessions to her husband “to be his so long as he lives”. The heirs of the testatrix contended that the husband received only the usufruct of the property. The husband contended that he received full ownership. The court affirmed a judgment recognizing the husband as entitled to the use of the property of the testatrix, rejecting his claim as owner, and recognizing the heirs of the testatrix as owners of the property. After stating that the clear intention of the testatrix should prevail, the court held:
“ * * * The words employed by her —the property to be his ‘so long as he lives’ — have a distinct meaning, to which she, in concluding, adds force by expressing the wish that ‘this will be carried out as written.’ Applying the general rules of interpretation and construction, the ownership was only partial, in that it was expressly limited to the life of the legatee. We are led to believe that she understood the meaning of words. She would not have limited her gift, had it not been her intention. The will must be construed and taken as written. Ball v. Ball, 40 La.Ann. 284, 3 So. 644.”
*901 * * * * * *
“ * * * In view of the terms of the will, we would not he warranted in holding that the husband is the unqualified legatee of the testatrix; and, on the other hand, we can imagine no good reason not to adopt an interpretation which will give effect to the wishes of the testatrix.”
In Succession of Verneuille, the testator bequeathed all of his property "to my wife for her lifetime”. Adversely to the deceased husband’s heirs, the widow contended that she was entitled to all of the estate of the decedent as universal legatee. The court held:
“ * * * It is evident enough that he intended to give and did give a life usu-fruct to his wife, and not the absolute ownership of the property. No other reasonable construction can be placed on the words used. The word ‘lifetime’ qualifies the gift in such a way that it must be limited to the usufruct.
“The testator surely knew that, if he gave the property for or during the natural life of the legatee, the benefit of the gift would end with her life, and would not pass to her heirs. Thus limited it can only be a life usufruct.”
Articles 1712-1723 of the Louisiana Civil Code set forth general rules for the interpretation of legacies. Of particular applicability here are Articles 1712 and 1713 which provide as follows:
“Art. 1712. In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.”
“Art. 1713. A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none.”
Here, the intention of the testator can only be derived from the words used in the will itself and all of the words contained in the will should be given effect if possible. The words “so long as she does live” limit the bequest made by the testator to his wife and evidence an intent on the part of the testator to grant something less than full ownership. By interpreting the will as granting a usufruct for life, effect is given to words which otherwise would have no meaning.
Any attempt to ascertain the testator’s intention beyond the terms of the will itself would be to engage in guess work and conjecture.
Appellees argue, and the trial judge ad hoc so held, that the case of Succession of Johnson, 223 La. 1058, 67 So.2d 591 (1953), is indistinguishable from this case and that the holding therein is decisive with reference to the issues involved in this case. Succession of Johnson and the other cases cited by appellees dealing with substitutions and fidei commissa are distinguishable from the case at bar. In Johnson the will under consideration contained the following language:
“I, Thomas Johnson do make this my Will and do here by leave evything [sic] to my wife Sue W. Johnson as long as she live and then she is to leave her step son Robert Thomas Johnson just °f the Share of what is left — and Martha Jane my only Daughter the rest. * * * ”
Robert T. Johnson sought to have the will declared invalid as containing a prohibited substitution under LSA — Civil Code Article 1520.
In interpreting the language of the will the court held that the phrase “what is left” conveys the definite implication that title to all of the property was vested in the legatee and it was the intention of the testator to create such a title for her benefit to the exclusion of all other persons. The court went on to hold that the mere fact that the disposition reads that it was left to the legatee “as long as she live” does not affect the bequest or qualify it in any manner. The court held that the will *902 did not contain a prohibited substitution and that the language to the effect that the legatee is to leave other persons “what is left” constitutes a fidei commissum which is reputed as not written. The Johnson case is distinguishable from the case at bar for two reasons. First, the issue in the Johnson case was whether ^the will contained a prohibited substitution and the issue of usufruct versus full ownership was not directly involved. Second,'the-emphasis of the court in interpreting the will was on the words “what is left” which definitely implied that the legatee had the right to dispose of all or any part of the property. No such words are contained in the will under consideration in the instant case.
Succession of Heft, 163 La. 467, 112 So. 301 (1927) is also distinguishable because of additional words contained in the testament clearly implying the right of disposal of the property on the part of the legatee. The will in that case contained a bequest of the property of the testatrix to her sister “to enjoy with interest thereof during her lifetime, after her death whatever may be left to be divided” in parts between named legatees. The sister contended that she should be recognized as the universal legatee of the deceased and certain of the named legatees contended that the will conveyed only a usufruct to the sister. The court construed the expression “after her death whatever may be left” to mean that the sister might dispose of any or all of the property during her lifetime which meant she was given full ownership and not merely a usufruct. The distinguishing feature of the Heft will as compared to the McCrary will before us is the additional language concerning “whatever may be left”.
Our holding is that Mr. McCrary, by his will, bequeathed only the usufruct of his estate to his surviving widow and made no disposition nor reference to the naked ownership. It necessarily follows that the naked ownership of his property devolved by operation of law according to the rules of intestacy. Fontenot v. Vidrine, 218 La. 979, 51 So.2d 597 (1951). Under LSA-Civil Code Article 915, the naked ownership of decedent’s interest in the community property was inherited by the surviving widow in community, Mrs. McCrary. Under LSA-Civil Code Article 912, the naked ownership of the decedent’s separate property was inherited by his collateral heirs.
For the reasons assigned, the judgment appealed from is reversed and this cause is remanded for further proceedings according to law and consistent with the views herein expressed.
Reversed and remanded.